Kevin A. Lipeles (Bar No. 244 275)
Thomas H. Schelly (Bar No. 217 285)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorneys for Plaintiff,
JACK LIPELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JACK LIPELES, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiffs,

vs.

UNITED AIRLINES, INC. dba UNITED AIRLINES, An Illinois corporation; and DOES 1 through 100, inclusive,

Defendants.

**CASE NO.:**

**CLASS ACTION COMPLAINT FOR:**

1. **BREACH OF CONTRACT;**
2. **BREACH OF CONTRACT/14 CFR 259.5(b)(3) AND 254.4;**
3. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**
4. **FRAUDULENT MIREPRESENTATION;**
5. **NEGLIGENT MISREPRESENTATION;**
6. **NEGLIGENCE;**
7. **STATUTORY NEGLIGENCE IN VIOLATION OF CAL. CIV. CODE§ 2114; and**
8. **UNFAIR COMPETITION (Cal. *Bus. & Prof. Code* §§17200 *et seq.*)**

**DEMAND FOR A JURY TRIAL**

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and his counsel. Each allegation has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

JACK LIPELES ("Plaintiff"), individually and on behalf of all others similarly situated ("Plaintiffs"), for their Complaint against United Airlines, Inc, dba United Airlines ("Defendant" or "United"), alleges the following:

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. This is putative class action pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of Plaintiff and all individuals to redress injuries to Plaintiff and classes of passengers who paid baggage fees, lost luggage and/or were falsely informed their luggage was stolen, and were not reimbursed for their luggage nor the baggage fees.

2. On or about November 26, 2022, Plaintiff was traveling from Las Vegas, Nevada to Los Angeles, California on United flight 1110.

3. At airports across the country, United directed its personnel to charge all passengers a fee upon acceptance of a passenger's bags, whereupon the bags would be handled, stored and delivered to the passenger upon arrival at their destination.

4. Upon acceptance of the passengers' bags along with their baggage fees, Defendant incurred the contractual obligation to not lose the baggage. Explicit in this fee was the agreement not to lose, damage or delay delivery of the bag, as basic consideration for the bag fee ("Contract").

5. However, in spite of these charges, every day a large percentage of bags are lost, damaged, destroyed or delayed, during travel across the United States and on domestic travel flights.

6. On November 26, 2022, Plaintiff was charged a fee of $35 for handling and delivery of his bag from Las Vegas to Los Angeles. Plaintiff paid the fee and checked a single bag for arrival at Los Angeles.

7. Upon Plaintiff's arrival in Los Angeles, he went to pick up his luggage, but was unable to find his bag. United informed Plaintiff that his luggage was stolen and that he should speak to the police to report the stolen luggage.

8. Plaintiff went to the police to report the stolen luggage. The airport police informed Plaintiff that he should file a claim with United because it is United's usual policy

upon losing luggage to falsely state the luggage has been stolen in order to avoid reimbursing for the loss thereof.

9. On or about November 26, 2022, Plaintiff filed Claim number LAX72618M with United.

10. Plaintiff was never reimbursed by United for his lost luggage or the baggage fee he paid.

## II. JURISIDICTION AND VENUE

11. This Court has jurisdiction over this Complaint under 28 U.S.C §1332 as there is diversity of citizenship. Further, the proposed Class consists of 100 or more members and the aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of costs or interest.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because Defendant has a place of business in this state and in this federal district and the challenged practices are alleged to have been committed in this District.

## III. THE PARTIES

### A. PLAINTIFF

13. Plaintiff is a citizen of the United States and the State of Nevada and currently resides in Las Vegas, Nevada. For diversity purposes, Plaintiff is a citizen of Nevada.

### B. DEFENDANTS

14. Plaintiff is informed and believes, and based on that information and belief, alleges, Defendant United is, and at all times mentioned herein was, an Illinois corporation, conducting business in the State of California, and nationwide. United is an international airline passenger carrier. For diversity purposes Defendant is a citizen of Illinois.

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and

believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

16. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV. CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of himself, and all others similarly situated as a Class Action pursuant to Federal Rules of Civil Procedure Rules 23.

### A. Class Definition

18. Plaintiff asserts his claims on behalf of the following two Classes:

(a) All passengers who flew on a flight originating in the United States, were charged a baggage fee, and had their luggage lost by United and were not reimbursed therefor by United at any time during the period commencing on the date that is four (4) years prior to the filing of this Complaint and continuing through the present date ("Proposed Lost Luggage Class"); and

(b) All passengers who flew on a flight originating in the United States, were charged a baggage fee, and United inaccurately informed them that their luggage was stolen, not lost, at any time during the period commencing on the date that is four (4) years prior to the filing of this Complaint and continuing through the present date ("Proposed Purported Stolen Luggage Class") (together with the Proposed Lost Luggage Class referred to as "Classes").

19. Plaintiff reserves the right to amend or modify the Class definitions with greater specificity, by division into subclasses, or by limitation to particular issues.

20. This action has been brought and may be properly maintained as a class action under Federal Rules of Civil Procedure Rule 23 because the requirements of Rules 23(a) and (b)(3) have been met.

**B. Numerosity**

21. The potential members of the Proposed Classes are so numerous that joinder of all members of the Proposed Classes is impracticable. United operates thousands of flights per day, and on information and belief, it has lost a vast amount of luggage and failed to reimburse therefore and/or falsely informed passengers that their luggage was stolen.

22. The exact number of class members, as well as the class members' names and addresses, can be identified from United's business records.

**C. Commonality**

23. Common questions of law and fact exist as to Plaintiff's and the Proposed Classes' claims. These common questions predominate over any questions affecting individual class members, including, but not limited to, the following:

a. Whether United by charging a baggage fee entered into a contract to deliver the bags to the passengers' destinations;

b. Whether United breached its Contract with passengers in failing to reimburse them when their luggage was lost;

c. Whether United breached its contract under 14 CFR §§259.5(b)(3) and 254.4;

d. Whether United was negligent in the handling of passengers' luggage;

e. Whether United engaged in fraudulent misrepresentation in informing passengers that their luggage was stolen when in fact it was lost so that United could avoid reimbursing them for the lost luggage;

f. Whether and to what extent United's conduct has caused injury to Plaintiff and class members; and

g. Whether United unlawfully enriched itself at the expense of the Classes.

**D. Typicality**

24. Plaintiff's claims are typical of the Proposed Classes. Plaintiff and all members of the Proposed Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws and regulations that have the force and effect of law, such as the statutes alleged herein.

**E. Adequacy of Representation**

25. Plaintiff will fairly and adequately protect and represent the interests of the Proposed Classes.

26. Plaintiff is fully cognizant of his responsibilities as a class representative and has retained Lipeles Law Group, APC ("LLG") to prosecute this action. LLG is experienced and competent in complex class action litigation and has the financial and legal resources to meet the cost of and understand the legal issues associated with this type of litigation.

**F. Predominance of Common Issues and Superiority of Class Action**

27. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Class Members and is not practicable, and questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes. Each member of the Proposed Classes has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of failing to reimburse for lost luggage and/or falsely claiming that luggage is stolen to avoid having to reimburse therefor.

28. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

//

//

//

//

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(By Plaintiffs Against Defendant and Does 1-100)**

29. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

30. United entered into a valid and binding agreement with passengers to transport their luggage in exchange for a fee.

31. Plaintiff performed all of his obligations under the terms of the Contract and paid the fee in exchange for United's agreement to timely transport passengers' bags to the destination designated at the time of booking their tickets.

32. United breached their agreement by failing to deliver the bag of Plaintiff, and all others similarly situated, failing to reimburse for passengers' lost luggage, failing to reimburse the bag fees and/or falsely telling passengers that their luggage was stolen so that United could speciously avoid reimbursing them for luggage that was, in truth, lost, not stolen.

33. Plaintiff, and all others similarly situated, have suffered damages in an amount according to proof at trial, including but not limited to refund of the fee charged for their bags and reimbursement for their lost luggage.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT/14 CFR §§259.5 (b) (3) and 254.4**

**(By Plaintiffs Against Defendant and Does 1 through 100)**

34. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

35. Plaintiff and members of the class paid baggage fees to United.

36. In exchange for payment of the baggage fees, United agreed to transport their luggage to certain destinations.

37. In breach of the Contract, United failed to transport Plaintiff and class members' luggage to their destinations and instead lost their luggage and refused to compensate them for the lost luggage and baggage fees they paid.

38. Plaintiff and class members suffered significant damages due to United's breach in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

**(By Plaintiffs Against Defendant and Does 1 through 100)**

39. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

40. Implied by law in every contract is a covenant of good faith and fair dealing which requires that neither party to the contract do anything which has the effect of destroying or injuring the right of the other party to the contract to receive the benefits of the contract. The implied covenant of good faith and fair dealing imposes on each of the contracting parties the duty to do everything that the contract presupposes each party will do in order to accomplish the purpose of the contract.

41. United breached the implied covenant of good faith and fair dealing by, among other things, losing Plaintiff's and class members' luggage, failing to reimburse Plaintiff and class members therefor and/or falsely claiming that Plaintiff and class members luggage was stolen, in an effort to avoid reimbursing Plaintiff and class members for luggage that, in truth, was lost.

42. The acts of United were unreasonable, unjustified, without proper cause, and undertaken in bad faith.

43. By reason of United's wrongful acts toward Plaintiff and class members, Defendant breached the implied covenant of good faith and fair dealing as to Plaintiff and class members.

44. As a proximate result of United's breach of the implied covenant of good faith and fair dealing, Plaintiff and class members have suffered and will continue to suffer damages in an amount to be proven at the time of trial.

//

//

**FOURTH CAUSE OF ACTION**

**FRAUDULENT MISREPRESENTATION**

**(By Plaintiffs Against Defendant and Does 1 through 100)**

45. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

46. United, via its employees and representatives, made representations that:

a. United would deliver passenger's luggage to their destinations;

b. Plaintiff's and class members' luggage was not lost;

c. Plaintiff's and class members' luggage was stolen; and

d. Because Plaintiff's and class members' luggage was stolen, not lost, United owed no reimbursement and refund of the baggage fee to Plaintiff and class members.

47. These representations were false when made in that United engages in a pattern, practice, and policy of informing passengers that their luggage is stolen, rather than lost, in an effort to avoid reimbursing passengers for the value of their lost luggage and baggage fees.

48. At the time the aforesaid false representations were made, Plaintiff and class members had no knowledge of the falsity of the representations and Plaintiff and Class members believed them to be true.

49. Defendant intentionally refused to reimburse Plaintiff and class members for their lost luggage and for the baggage fees paid, even though Plaintiff and class members requested same. The failure by United to provide reimbursement for the lost luggage and refund the baggage fees constitutes intentional fraud the purpose of which was to avoid the expense of paying Plaintiff and class members for their lost luggage and the baggage fees.

50. Plaintiff and class members reasonably relied on the representations by United that their luggage was stolen until informed by the airport police that United regularly engages in this course of conduct to avoid paying passengers for luggage that was, in truth, lost due to the fault of United.

51. As intended by United, Plaintiff and class members were induced and did in fact believe and reasonably rely upon the representations set for above in this Complaint and entered into the Contract. Had Plaintiff and class members known of the falsity of the representations, Plaintiff and class members would not have paid the bag fees and checked their bags on the flight. The representations and actions described above were designed to defraud Plaintiff and class members for the purpose of improperly benefiting United.

52. As a proximate result of the false representations of material information by United, Plaintiff and class members have been damages in an amount according to proof at trial.

53. In doing each of the acts alleged above, Defendant acted intentionally and willfully, maliciously, without just cause and with the intent to oppress, vex and inflict injury and damage to Plaintiff and class members, and induced Plaintiff and class members to check their bags and pay a bag fee therefor.

54. By reason of the foregoing, Plaintiff and class members are entitled to punitive damages in an amount to be determined by this Court.

**FIFTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**(By Plaintiffs Against Defendant and Does 1 through 100)**

55. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

56. When United made these representations, as alleged in full above, it had no reasonable ground for believing that the representations were true. United made the representations with the intent to induce Plaintiff and class members to enter into the Contract.

57. Had Plaintiff and class members known the true facts, Plaintiff and class members would not have entered into the Contract.

58. As a proximate result of the negligent misrepresentations and conduct of Defendant as alleged, Plaintiff and class members have incurred damages in that Plaintiff and

class members were induced to enter into the Contract, by reason of which they have been damaged in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiffs Against Defendant and Does 1 through 100)**

59. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

60. By entering into the Contract, Defendant United assumed a duty (including without limitation under Cal. Civ. Code §2114) to use due care in assuring Plaintiff's and class members' luggage would be properly transported to the requisite destination.

61. Defendant failed to use due care in transporting Plaintiff's and class members' luggage and assuring the arrival of the luggage at the requisite destinations.

62. As a proximate result of Defendant's breach of its duty of care, Plaintiff's and class members' luggage was lost and Plaintiff and class members were not reimbursed by United therefor and for baggage fees they paid.

63. As a direct and proximate cause of the negligent conduct of United, Plaintiff and class members lost their luggage, were not reimbursed for their luggage, and were not reimbursed for bag fees paid, by reason of which they have been damaged in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**STATUTORY NEGLIGENCE IN VIOLATION OF CIVIL CODE §2114**

**(By Plaintiff Against Defendant and Does 1 through 100)**

64. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

65. Plaintiff is informed and believes and thereupon alleges that Defendant violated California Civil Code section 2114, which provides that a carrier is responsible for actions based on the want of ordinary care and diligence in the performance of its duties.

66. Defendant's violation of Cal. Civil Code section 2114 constitutes negligence per se.

67. As a result of United's negligence per se, Plaintiff and class members are entitled to damages in an amount according to proof at trial.

**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Business & Professions Code §§ 17200 *et seq*. By Plaintiff Against Defendant and Does 1 through 100)**

68. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

69. Pursuant to Code of Federal Regulations 14 C.F.R. §§254.4 and 259.5(b)(3), Defendant was required to issue a prompt refund to Plaintiff and class members for reasonable expenses that result from delay in delivery of baggage, as required by 14 CFR §§254 and 259.5(b)(3).

70. The Business & Professions Code defines unfair competition as any unlawful, unfair, or fraudulent business practice. At all times relevant herein, by and through the conduct described herein, Defendant has engaged in unfair and unlawful practices by failing to issue refunds to Plaintiff and class members, all in violation of Business & Professions Code §§ 17200 *et seq*.

71. By and through the unfair and unlawful business practices described herein, Defendant has obtained valuable property, money and services from the Plaintiff and the Class and has deprived them of valuable rights and benefits guaranteed by law all to the detriment of Plaintiff and the Class.

72. All the acts described herein are violations of, among other things, the Code of Federal Regulations, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.*

73. Plaintiff and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which Plaintiff and the Class have been deprived by means of the above-described unfair and unlawful business practices.

74. Plaintiff and the Class are further entitled to, and do, seek a declaration that the above-described business practices are unfair and unlawful, and that injunctive relief should be issued restraining Defendant from engaging in any of the above described unfair and unlawful business practices in the future.

75. Plaintiff and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendant. As a result of the unfair and unlawful business practices described above, Plaintiff and the Class have suffered and will continue to suffer irreparable harm unless Defendant are restrained from continuing to engage in these unfair and unlawful business practices. In addition, Defendant should be required to disgorge the unpaid moneys to Plaintiff and the Class.

**PRAYER**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendant as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For injunctive relief ordering the continuing unfair business acts and practices to cease, as the Court deems just and proper;
4. For costs of suit;
5. For reasonable attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5;
6. For punitive damages in a sum to be determined at trial; and
7. For such other and further relief as the Court deems just and proper.

//

//

//

**DEMAND FOR JURY TRIAL**

Plaintiff Jack Lipeles hereby respectfully requests a trial by jury for all claims and issues raised in his Complaint that may be entitled to a jury trial.

LIPELES LAW GROUP, APC

Date: August 29, 2023

By: ___________________

Thomas H. Schelly
Attorneys for Plaintiff
Jack Lipeles